*Byron Bacon, for appellant.*
*Randolph H. Blain, for appellees.*

---

ABEL BACON'S ADMX. *v.* MUTUAL BENEFIT LIFE INS. CO.

[Abstract Kentucky Law Reporter, Vol. 6—222.]

**Production of Writing Which Is Basis of Action.**

Where a suit is instituted on an insurance policy and the insurance company obtained a rule against the plaintiff to file the policy, it is a sufficient excuse under Civ. Code 1876, § 120, for the plaintiff to show that the policy was not and never had been in her possession or under her control, that it was in the possession and under the control of another in a foreign state, and that plaintiff had made efforts to obtain it but had been unable to do so.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 6, 1884.

OPINION BY JUDGE HOLT:

This action is founded upon a policy of life insurance issued by the Mutual Benefit Life Ins. Co. to Abel Bacon and which was payable upon his death to his personal representative. Shortly

after its issual, being indebted or about to become indebted to West-. cott & Hollowell, he transferred the policy to them upon the condition that the money arising therefrom at his death should be placed to his credit on their books, and if he did not then owe them that much the overplus was to be paid by them to his personal representative. At his death he was not indebted to them save for some of the premiums which they had paid upon said policy and interest thereon.

The policy is held by one S. M. Cooper, as the administrator of William Cooper, who was the surviving member of the firm of Westcott. & Hallowell, and said representative resides in the state of Delaware and is only before the court in this action by warning order. The planitiff seeks to recover from the insurance company the amount owing upon the policy, less the premiums and interest thereon, paid by Westcott & Hallowell.

The above are assumed as facts because they are alleged in the petition and no answer was filed. The defendant insurance company obtained a rule against the appellant to file the policy, which as is alleged in the petition was in the possession of said Cooper in Delaware. The appellant responded to it by stating that the policy was not and never had been in her possession or under her control; that it was in the possession and control of said Cooper, and that she had been unable to obtain it although she had endeavored to do so. The chancellor made the rule absolute and dismissed the petition, and the appellant asks that his action be reversed.

The Civil Code 1876, § 120, says, that "if an action, counterclaim, set-off or cross-petition be founded on a note, bond, bill or other writing as evidence of indebtedness it must be filed as a part of the pleading, if in the power of the party to produce it, and if not filed the reason for the failure must be stated in the pleading." The section *supra* is in lieu of the profert and oyer of exhibits under the old system of practice; and doubtless the main reason of the above requirement is that the adverse party may inspect the writing and thereby guard against surprise or the production of forged papers upon a trial where there would be but little time for their scrutiny.

The sole question to be determined upon the trial of such a rule

is, Can the party produce the writing, and, if not, has a sufficient reason been given for its nonproduction? The right of any party to the proceeds of the policy, or the effect of its transfer to Westcott & Hallowell, or appellant's right to sue, were not put in issue by the rule and the response to it. It was only necessary for the appellant to show upon the hearing of the rule that it was not in her power to produce the policy, and to furnish a sufficient reason for its nonproduction. This she did in our opinion and the judgment is therefore *reversed,* with directions to discharge the rule and for further proceedings in conformity to this opinion.

*Polk & Gaylay, for appellant.*

*Isaac Caldwell, for appellee.*